Van Voobhis, J.
(dissenting). In this arbitration under a storage contract petitioner sought $30,000 for the conversion of furniture and other items of personal property which the respondent sold at public auction. The arbitrator awarded petitioner $483.04.
Special Term vacated the award on the ground that the receipt in evidence of a report by the Pinkerton Detective Agency which was disparaging of the petitioner’s character resulted in procuring the award by “ undue means ” within the meaning of subdivision 1 of section 1462 of the Civil Practice Act and constituted “misbehavior” by the arbitrator within the meaning of subdivision 3 of section 1462 of the Civil Practice Act.
The Appellate Division held that while receipt of the report may have been unwise it did not constitute a ground for vacatur of the award, that the propriety of the admission of the report into evidence was not for the courts to review, and, in any event, there was no proof that the award resulted from consideration of the report.
The Pinkerton report contained a list of lawsuits in which appellant was presumably involved and a report by the private detective of what neighbors purportedly said about appellant, including matters which they said they had heard others say, or had heard from others that still others had heard about appellant. According to the present respondent’s brief in the Appellate Division, its purpose in putting this Pinkerton report into evidence before the arbitrators was to portray appellant as possessing a highly litigious nature and to impair her credibility.
Such procedure, in our view, can hardly be countenanced even in arbitration. The report of a detective agency employed to dredge up whatever defamatory or derogatory things may be said justly or unjustly, accurately or untruthfully, by enemies or neighbors or whatever persons may be discovered or imagined, identified or unidentified, based on hearsay and multiple hearsay has no place in the judicial process in court or by arbitration. Special Term correctly characterized this as “an investigator’s second and third hand report detailing specific *779 acts of alleged avarice, malice, and chicanery, not as such necessarily relevant to the issue of the petitioner’s credibility, but capable of placing petitioner in a highly unfavorable light.” After stating that this was prejudicial to the petitioner in the extreme, and entirely inadmissible by any test, Special Term noted correctly that ‘ ‘ there is a substantial difference between the receipt of merely incompetent or irrelevant evidence, and the receipt of thoroughly unfair evidence ” which “ goes far beyond the merely irrelevant ”, from which Special Term concluded : ‘ ‘ It is my considered opinion that the submission of the Pinkerton report could have had no other purpose but improperly and adversely to affect the petitioner in her right to a fair hearing and determination on the issues to be arbitrated, and that the admission into evidence of the report was prejudicial to the petitioner. ’ ’
This constituted, in our opinion, ‘ ‘ undue means ’ ’ within the meaning of subdivision 1 of section 1462 of the Civil Practice Act requiring the award to be set aside. The admission of this report also, in our opinion, constituted ££ misbehavior ” by the arbitrator within the meaning of subdivision 3 of section 1462 of the Civil Practice Act.
The order appealed from should be reversed and the matter remanded for a hearing before another arbitrator to be selected, if possible, by agreement between the parties, but, if they are unable to agree, then as otherwise provided by the Arbitration Article of the Civil Practice Act.
Order affirmed.